UNITED STATED BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

In Re:                                          )
SOUTHERN REDI-MIX CORPORATION,                  )        Chapter 11
                    Debtor                      )        17-13790
                                                )

## <u>RESPONSE OF G. LOPES CONSTRUCTION, INC. TO EXPEDITED MOTION BY DEBTOR FOR AUTHORIZATION OF (1) USE OF CASH COLLATERAL, (2) THE GRANTING OF REPLACEMENT LIENS, (3) SCHEDULING A HEARING ON THE FURTHER USE OF CASH COLLATERAL, AND (4) ADDITIONAL RELIEF</u>

Now comes G. Lopes Construction, Inc. ("Lopes") and hereby responds to the Debtor's above-referenced motion as follows:

Lopes does not object to any of the Debtor's "First Day Motions," nevertheless Lopes does wish to respond to the alleged "facts," as stated in the Debtor's motion. To portray the Debtor in any manner as the "victim" of Lopes' or its President's business practices could not be further from the truth.

First it should be noted that Lopes is perhaps the Debtor's largest unsecured creditor, being owed $345,449 from the Debtor and an *additional* $451,000 from the Debtor's shareholder.  Despite these interest free obligations having been in default for many months, Lopes has not taken any legal remedies to pursue them. These were the remaining balances left after Lopes and its affiliated entities had already agreed to write off $2,021,249.00 from the Debtor at the time that the Taunton and Marshfield concrete operations were separated.

Second, although part of their separation agreement did require the Debtor to remain responsible for the $170,000 obligation to Mechanics Cooperative Bank (which was then an open line of credit that the Debtor hoped to utilize), Lopes and its President, Gilbert J. Lopes, Jr., obtained the Debtor's and/or its President's release of a separate $996,973.67

obligation to Mechanics Cooperative Bank and a $1,118,185.00 obligation to the former owners of McCabe Sand & Gravel Company, Inc. By agreement of the parties and upon the proposal of the Debtor's President, the Debtor remained responsible for the remainder of the corporate debt, but also retained nearly all of the accounts receivable which were, at the time of separation, approximately $1.9 million dollars; with approximately $1.6 million being aged 60 days or less.

Third, any of the proceeds that Lopes did receive from the Debtor's pre-separation financing represented a fraction of the debt owed to Lopes for providing the raw materials to manufacture concrete, which went unpaid for months. Thus, to suggest that the Debtor "did not receive the benefit of these funds," ignores additional relevant facts. Notably, all of this money went to pay legitimate trade debt to G. Lopes Construction, Inc.; none went to Mr. Gilbert J. Lopes, Jr. personally.

Lastly, prior to the parties' separation, the Debtor's President was responsible for the day-to-day operations of the concrete manufacturing, including its financial management and personnel decisions. Through the date of separation he was paid a generous salary with the consent of his former partner, despite the burgeoning debt.

Respectfully submitted,
G. Lopes Construction, Inc.
By its Attorney,

*/ s / John E. Zajac*

_____
John E. Zajac, Esquire
CARMICHAEL & ZAJAC, P.C.
170 High Street
Taunton, MA 02780
Telephone: 508-821-2552
Facsimile: 508-821-2566
jezesq@cs.com

Dated: October 13, 2017

## CERTIFICATE OF SERVICE

I, John E. Zajac, do hereby certify that on October 13, 2017, I filed the foregoing to the Clerk of the Bankruptcy Court, and served same in the following manner upon the interested parties:

E-Mail Service:  via the Court's CM/ECF system which sent notification of such filing to the following:

John M. McAuliffe
McAuliffe & Associates, P.C.
430 Lexington Street
Newton, MA 02466
(617) 558-6889
Email: john@jm-law.net

Assistant U.S. Trustee
John Fitzgerald
Office of the US Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109

/ s / John E. Zajac
_____
John E. Zajac, Esquire