UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| IN RE: )<br>)<br>SOUTHERN REDI-MIX CORPORATION, )<br>)<br>Debtor )<br>) | Chapter 11<br>Case No. 17-13790-FJB |

**OBJECTION TO EXPEDITED MOTION BY DEBTOR FOR AUTHORIZATION OF (1) USE OF CASH COLLATERAL, (2) THE GRANTING OF REPLACEMENT LIENS, (3) SCHEDULING A HEARING ON THE FURTHER USE OF CASH COLLATERAL, AND (4) ADDITIONAL RELIEF**

Lehigh Cement Company, LLC ("Lehigh") hereby objects to the *Expedited Motion by Debtor for Authorization of (1) Use of Cash Collateral, (2) the Granting of Replacement Liens, (3) Scheduling a Hearing on the Further Use of Cash Collateral, and (4) Additional Relief* [Docket No. 5] (the "Motion") and states as grounds therefor as follows:

1. Lehigh is a Delaware limited liability company, with a place of business at 7660 Imperial Way Allentown, Pennsylvania 18195. Lehigh is in the business of selling, among other things, cement and building materials. The Debtor purchased cement from Lehigh.

2. Lehigh is a secured creditor of the Debtor asserting a claim in the total amount of $425,964.28, for purchases of cement dating from June, 2015 to October 2016. Payment of all of the invoices for such purchases are overdue and delinquent.

3. On April 19, 2017, Lehigh commenced a civil action in the Plymouth Superior Court, Civil Action No. 1783CV00402 (the "Civil Action") against the Debtor and its owner, Gregory Keelan, to recover the amounts owed to it. On May 3, 2017, Lehigh obtained, in the Civil Action, a real estate attachment, in the amount of $440,000.00, on the Debtor's property, including the Debtor's interest in its lease. On May 3, 2017, the writ of attachment issued by the

1

Superior Court was recorded with the Plymouth County Registry of Deeds and attached all right, title and interest of the Debtor in real estate in Plymouth County. A true copy of said writ of attachment is attached hereto as **Exhibit A**.

4. Prior to commencing the Civil Action, on or about June 24, 2015, the Debtor granted Lehigh a security interest in all of the Debtor's assets to secure payment of all indebtedness of the Debtor to Lehigh whether then existing or thereafter arising in the future. A true copy of the Security Agreement granting such security interest is attached hereto as **Exhibit B**. On September 28, 2016, Lehigh filed a UCC-1 financing statement with the Office of the Secretary of State of Massachusetts and thereby perfected its security interest in the Debtor's assets. A true copy of said financing statement is attached hereto as **Exhibit C**.

5. The Debtor owes Lehigh $425,964.28, as of April 19, 2017, plus interest at a rate of one and one-half percent per month (eighteen percent per annum), plus attorneys' fees and costs of collection which claim is secured by all of the Debtor's assets including all of its tangible and intangible personal property and its leasehold interest in real estate.

6. The Debtor's Motion make no mention of Lehigh notwithstanding that the Debtor must be fully aware of Lehigh's secured claim. The Motion contains no reference to Lehigh notwithstanding that Lehigh's UCC-1 financing statement is apparent from a search under the Debtor's name of the records in the Office of the Massachusetts Secretary of State. The Motion makes no offer of adequate protection to Lehigh either in the form of a monthly payment or a replacement lien. Accordingly, the Debtor has failed to propose any form of adequate protection to Lehigh for the use of its cash collateral.

7. Lehigh learned of this Chapter 11 case on the morning of October 13, 2017 and its counsel was unable to attend the initial hearing on the Motion which was scheduled for later that same day. Lehigh is entitled to adequate protection of its interest in the Debtor's property including its cash collateral under 11 U.S.C. Sections 361 and 363. The Debtor may not use Lehigh's cash collateral without either Lehigh's consent or this Court's authorization after notice and hearing and without providing adequate protection to Lehigh. *See In re Big Rivers Elec. Corp.*, 284 B.R. 580 (Bankr. W.D. Ky. 2002); *In re Colonial*, 156 B.R. 452 (Bankr. E.D. Pa. 1993); *In re Westport*, 116 B.R. 355 (Bankr. D. Conn. 1990). Lehigh has not consented to the Debtor's use of Lehigh's cash collateral and this Court has only granted the Debtor interim authority to use cash collateral.

8. The Debtor, in paragraph 16 of its Motion, references several other creditors (but not Lehigh) who have also filed financing statements and may assert liens in the Debtor's cash collateral. The Debtor, however, does not offer replacement liens to any of these creditors or to Lehigh. The Debtor offers a replacement lien solely to Mechanics Cooperative Bank. Lehigh is entitled, at a minimum, to a replacement lien in the Debtor's assets to secure Lehigh from post-petition diminution in value of its interest in its collateral.

9. The Debtor's budget attached to the Motion projects payments to certain allegedly secured creditors over the next eight weeks but proposes no payment to Lehigh. The budget reflects that in weeks 5, 6 and 8, the Debtor will have negative cash of, respectively, $12,502, $24,689, and $4,520 notwithstanding that it is making minimal payments to its secured lenders and no payments to Lehigh. The Debtor should not be permitted to continue in Chapter 11 while operating on negative cash flow basis.

10. This Court ordered the Debtor to file amended budget projections on or before October

18, 2017. In said projections, the Debtor should address how it will remain cash flow positive post-petition and how it will provide adequate protection to Lehigh. If not addressed in the amended budget, then at any final hearing on the Motion, the Debtor must address how it will remain cash flow positive post-petition and how it will provide adequate protection to Lehigh. The Debtor should also be required to explain why Lehigh is not referenced in the Motion. Lehigh reserves all of its rights and remedies against the Debtor.

WHEREFORE, Lehigh respectfully requests that the Motion and further use of cash collateral be denied in that absence of the Debtor providing Lehigh with adequate protection of its interests in its collateral.

LEHIGH CEMENT COMPANY, LLC

By its attorneys,

October 16, 2017

/s/ James M. Liston
James M. Liston, BBO # 301750
Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA 02110
617/422-0200
jml@bostonbusinesslaw.com

## **CERTIFICATE OF SERVICE**

I, James M. Liston, hereby certify that on October 16, 2017 I served a true and correct copy of the Objection to Expedited Motion by Debtor for Authorization of (1) Use of Cash Collateral, (2) the Granting of Replacement Liens, (3) Scheduling a Hearing on the Further Use of Cash Collateral, and (4) Additional Relief on the individuals below through the electronic case filing system:

By ECF:

David M. Baker on behalf of Creditor Mechanics Cooperative Bank
bankruptcy@dbakerlawgroup.com

John Fitzgerald
USTPRegion01.BO.ECF@USDOJ.GOV

Michael K. Lane on behalf of Debtor Southern Redi-Mix Corporation
mlane@jm-law.net, mklane.esq@gmail.com

James M. Liston on behalf of Creditor Lehigh Cement Company, LLC
jml@bostonbusinesslaw.com

John M. McAuliffe on behalf of Debtor Southern Redi-Mix Corporation
john@jm-law.net, kathryn@jm-law.net

John E. Zajac on behalf of Creditor G. Lopes Construction, Inc.
jezesq@cs.com, jezesq@cs.com

By Regular Mail:

Robert T. Bonsignore
People's United Equipment Finance Corp.
300 Frank W. Burr Boulevard, Suite 50
Teaneck, NJ 07666


/s/James M. Liston
James M. Liston, BBO # 301750

5

# EXHIBIT A

```
2017 00035762
```
Bk: 48384 Pg: 173 Page: 1 of 2
Recorded: 05/03/2017 02:46 PM
ATTEST: John R. Buckley, Jr. Register
Plymouth County Registry of Deeds

# Commonwealth of Massachusetts

PLYMOUTH, SS. 

SUPERIOR COURT DEPARTMENT OF THE
TRIAL COURT OF THE COMMONWEALTH
CIVIL ACTION
NO. 17CV0402

Lehigh Cement Company, Plaintiff(s)

VS.

Southern Redi-Mix Corp etal, Defendant(s)

A TRUE COPY, ATTEST

_____
DEPUTY SHERIFF

## WRIT OF ATTACHMENT

To the Sheriffs of our several Counties or their Deputies:

We command you to attach the goods or estate of defendants Southern Redi-Mix Corporation, Gregory R. Keelan, Individually, and of Plymouth County, to the value of $ 440,000.00 (the amount authorized), as prayed for by the plaintiff Lehigh Cement Company, LLC of 7660 Imperial Way, Allentown, PA 18195 whose attorney is Thomas M. Looney, Esq., Hackett Feinberg P.C., of 155 Federal St., 9th Fl., Boston, MA 02110, in an action brought by said plaintiff Lehigh Cement Company, LLC, against said defendants Southern Redi-Mix Corporation & Gregory R. Keelan, Individually, in the Superior Court for Plymouth County, and make due return of this writ with your doings thereon.

The complaint in this case was filed on April 19, 2017. This attachment was approved on April 27, 2017, by Cosgrove J., in the amount of $ 440,000.00.

Witness, Judith Fabricant, Esquire at Brockton this ___ day of April, in the year of our Lord ___

_____
Clerk

## PROOF OF ATTACHMENT

Plymouth, SS
By virtue of this Writ, on **5/3/2017** at **10:15** in the **forenoon** I attached all the right, title and interest (not exempt by law from attachment) that the within named defendant(s), **Gregory R. Keelan, Individually and Southern Redi-Mix Corporation** has/have in and to any and all real estate in the County of Plymouth.

_____
Deputy Sheriff
Administrative

Later, on **5/3/2017** I deposited at the Registry of Deeds of said County of Plymouth, an attested copy of the within writ and finding and order for approval of attachment together with so much of my return as relates to the attachment of said real estate.

Deputy Sheriff
Administrative

Later, on **5/3/2017** I notified the defendant(s) by mailing to his/her/their last known address an attested copy of the within writ and finding and order for approval of attachment together with so much of my return as relates to the attachment of said real estate and it's recording at the Plymouth County Registry of Deeds to wit: 62 Old Washington Street Pembroke, MA 02359, P.O. Box 6, Marshfield, MA 02050 and to 506 Plain Street, Suite 105, Marshfield, MA 02050.

Deputy Sheriff
Administrative

Plymouth County Sheriff's Department
22 Cottage Street
P.O. Box 1663
Brockton, MA 02303-1663

17006200

Commonwealth of Massachusetts
County of Plymouth
The Superior Court

PLYMOUTH, ss.                               CIVIL DOCKET#: PLCV 1783CV00402

Lehigh Cement Company, LLC
Plaintiff(s)

vs.

Southern Redi-Mix Corporation
and Gregory R. Keelan
Defendant(s)

## FINDING AND ORDER
## FOR APPROVAL OF ATTACHMENT

This cause came on to be heard after notice and opportunity to be heard, upon a Motion for Approval of Attachment, and thereupon, upon consideration thereof, the Court hereby finds that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment approved herein over and above any liability insurance shown by the defendant to be available to satisfy the judgment.

Therefore, the Court hereby **approves** attachment in the amount of $440,000.00 against all real estate standing in the name of the defendants Southern Redi-Mix Corporation and Gregory R. Keelan and located in Plymouth County, Massachusetts.

_____
Justice of the Superior Court

Entered: 4.27.17

A TRUE COPY ATTEST
_____
Clerk of Courts

# EXHIBIT B

**Lehigh Hanson**
HEIDELBERGCEMENT Group

Lehigh Cement Company LLC
7660 Imperial Way
Allentown PA 18195-1040
Phone: 610-366-4600
Fax: 866-583-8976

### SECURITY AGREEMENT

This Security Agreement (the "Agreement") is made effective on this 24th day of June 2015 between Southern Redi-Mix ("Debtor") whose address is 99 Clay Pitt Road, Marshfield Ma 02050 and Lehigh Cement Company LLC ("Lehigh") whose address is 7660 Imperial Way, Allentown PA 18195-1040.

As security for payment of the purchase price of goods sold heretofore or hereafter by Lehigh to Debtor, Debtor grants Lehigh a security interest in all goods sold heretofore or hereafter by Lehigh to Debtor and in the products and proceeds of those goods, including, but not limited to, finished goods, work in progress, and accounts receivable. As additional collateral, Debtor further grants Lehigh a security interest in all of Debtor's personal property and goods wherever located, including without limitation to Debtor's machinery, equipment, inventory and accounts and general intangibles, whether now existing or owned by Debtor hereafter acquired by Debtor including all products and proceeds thereof, as security for all indebtedness of Debtor to Lehigh whether now existing or arising in the future. This Security Agreement shall secure the payment of all other liabilities of Debtor to Lehigh of every kind and description, direct or indirect, absolute or contingent, due or to become due now or hereafter arising including, without limitation, Debtor agrees to sign and deliver to Lehigh, immediately upon Lehigh's request any financing statements or other documents required to perfect the security interests granted to Lehigh by this Agreement. Debtor authorizes Lehigh Cement Company to file a financing statement. All terms in this agreement have the meanings specified in the Massachusetts Commercial Code.

Debtor shall be in default under this Agreement upon the happening of any of the following: (a) after 10 days written notice, failure by Debtor to pay its account with Lehigh in accordance with the payment terms; (b) any misrepresentation in connection with this Agreement on the part of Debtor; (c) any noncompliance with or nonperformance of Debtor's obligations under this Agreement; (d) if Debtor is involved in any financial difficulty as evidenced by (i) an assignment for the benefit of creditors or trust mortgage, or (ii) an attachment or receivership of assets not dissolved within thirty (30) days, or (iii) the institution of any bankruptcy proceedings, whether voluntary or involuntary, which is not dismissed within thirty (30) days of its from the date which it is filed. Upon default, and any time thereafter, Lehigh may declare all obligations secured hereby immediately due and payable and shall have the remedies of a secured party under the Massachusetts State Uniform Commercial Code. No waiver by Lehigh of any default shall operate as a waiver of any other default or of the same default on a future occasion.

This Agreement shall inure to the benefit and bind the heirs, executors, administrators, successors, and assigns of the parties. This Agreement shall be governed by the laws of the State of Massachusetts.

Creditor: Lehigh Cement Company LLC
By: _[signature]_
Title: _Area Credit Manager_
Date: _June 26, 2015_

Debtor Southern Redi-Mix
By: _[signature]_
Title: _President_

By: _____

# EXHIBIT C

# UCC-1 Form

## FILER INFORMATION

*Full name:* MARY COWAN
*Email Contact at Filer:* UCC@NCSCREDIT.COM

## SEND ACKNOWLEDGEMENT TO

*Contact name:* NCS UCC SERVICES GROUP
*Mailing Address:* PO BOX 24101
*City, State Zip Country:* CLEVELAND, OH 44124 USA

## DEBTOR INFORMATION

*Org. Name:* SOUTHERN REDI-MIX CORPORATION
*Mailing Address:* 506 PLAIN STREET SUITE 105
*City, State Zip Country:* MARSHFIELD, MA 02050 USA

## SECURED PARTY INFORMATION

*Org. Name:* LEHIGH CEMENT COMPANY LLC
*Mailing Address:* 7660 IMPERIAL WAY
*City, State Zip Country:* ALLENTOWN, PA 18195-1040 USA

*Org. Name:* LEHIGH NORTHEAST CEMENT COMPANY
*Mailing Address:* 7660 IMPERIAL WAY
*City, State Zip Country:* ALLENTOWN, PA 18195-1040 USA

*Org. Name:* LEHIGH HANSON, INC.
*Mailing Address:* 7660 IMPERIAL WAY
*City, State Zip Country:* ALLENTOWN, PA 18195-1040 USA

*Org. Name:* MATERIAL SERVICE CORPORATION
*Mailing Address:* 7660 IMPERIAL WAY
*City, State Zip Country:* ALLENTOWN, PA 18195-1040 USA

*Org. Name:* CONTINENTAL FLORIDA MATERIALS INC.
*Mailing Address:* 13450 WEST SUNRISE BLVD. SUITE 430
*City, State Zip Country:* SUNRISE, FL 33323 USA

**TRANSACTION TYPE:** STANDARD
**CUSTOMER REFERENCE:** UCC# U199701REF# 55532

## COLLATERAL

AS SECURITY FOR PAYMENT OF THE PURCHASE PRICE OF GOODS SOLD HERETOFORE OR HEREAFTER BY SECURED PARTY TO DEBTOR, DEBTOR GRANTS SECURED PARTY A SECURITY INTEREST IN ALL GOODS SOLD HERETOFORE OR HEREAFTER BY SECURED PARTY TO DEBTOR AND IN THE PRODUCTS AND PROCEEDS OF THOSE GOODS, INCLUDING, BUT NOT LIMITED TO, FINISHED GOODS, WORK IN PROGRESS, AND ACCOUNTS RECEIVABLE. AS ADDITIONAL COLLATERAL, DEBTOR GRANTS SECURED PARTY A SECURITY INTEREST IN ALL OF DEBTORS PERSONAL PROPERTY AND GOODS WHEREVER LOCATED, INCLUDING WITHOUT LIMITATION DEBTOR'S MACHINERY, EQUIPMENT, INVENTORY AND ACCOUNTS AND GENERAL INTANGIBLES, WHETHER NOW EXISTING OR OWNED BY DEBTOR OR HEREAFTER ACQUIRED BY DEBTOR, INCLUDING ALL PRODUCTS AND PROCEEDS THEREOF, AS SECURITY FOR ALL INDEBTEDNESS OF DEBTOR TO SECURED PARTY WHETHER NOW EXISTING OR ARISING IN THE FUTURE.