# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| **Southern Redi-Mix Corporation,** ) | Chapter 7 |
| Debtor. ) | Case No 17-13790-FJB |
| ) | |

## TRUSTEE'S MOTION TO ASSUME, ASSIGN, AND APPROVE SALE OF ASSETS

Warren E. Agin, acting as trustee ("Trustee") for the chapter 7 bankruptcy estate of Southern Redi-Mix Corporation, the debtor herein ("Debtor"), by his counsel, pursuant to 11 U.S.C. § 365, asks the Court for authority to assume a certain long-term lease, assign it, and sell it, along with certain other assets, to P.A. Landers, Inc. ("Landers") on the terms set out herein pursuant to 11 U.S.C. §363(f), Fed.R.Bankr.P. 6004, and MLBR 6004-1. In support thereof, Trustee states the following:

## BACKGROUND

1. Debtor commenced a chapter 11 case with this Court on October 12, 2017.

2. On Debtor's motion, see D. 149, this Court converted Debtor's chapter 11 case to a chapter 7 case on January 23, 2018.

3. Thereafter, Trustee was appointed as interim trustee and continues to serve as interim trustee.

4. Debtor filed schedules disclosing an interest in a 99-year lease on premises located at 99 Clay Pit Road, Marshfield, MA 02050 ("99-Year Lease"). The 99-Year Lease is recorded in the Plymouth County Registry of Deeds ("Registry") in Book 12789 Page 147. Exhibit 1 contains a copy of the 99-Year Lease.

5. The current holder of the 99-Year Lease is Martha A. Roderick in her capacity as trustee

for Another Realty Trust ("Roderick").

6. The 99-Year Lease has approximately 85 years remaining on its term.

7. The premises ("Premises") subject to the 99-Year Lease comprises a three-acre site with a concrete manufacturing plant.

8. Landers is a diversified construction company and supplier of construction materials including concrete, aggregates, and sand; it has operated in Southeastern Massachusetts and Cape Cod over 40 years.

9. Rent for the Premises, $1.00 per year according to the 99-Year Lease, is current; Trustee has insured the Premises as required by the 99-Year Lease; Trustee has funds to pay budgeted real estate taxes on the Premises; and Trustee has paid utilities serving the Premises to the extent allowed by the Court's cash collateral order.[1]

---

[1] On March 7, 2018, after notice and an opportunity to be heard, the Court entered an order ("Order") granting Trustee's motion for authorization for use of cash collateral. See D. 213. In pertinent part, the Order authorizes Trustee

> [t]o pay reasonable, necessary costs and expenses to preserve the Debtor's lease, improvements, inventory, fixtures, vehicles, parts, and equipment as follows:
> (1)   Casualty and liability insurance for February 2018 -- $4,230;
> (2)   Casualty and liability insurance in subsequent months -- $1,070;
> (3)   Real estate taxes to Town of Marshfield -- $2,500 per quarter estimate, with one quarter currently due;
> (4)   Deposit for gas utility to Columbia Gas and Electric -- $3,470;
> (5)   Gas utility charge to Columbia Gas and Electric -- $1,700 estimate per month; and
> (6)   Electric utility charge to Columbia Gas and Electric -- $1,000 estimate per month.
>
> D. 213, paragraph 5.

The budgeted amount for natural gas proved low. Trustee has requested information from Roderick concerning certain real estate tax payments it made on or after the chapter 11 case's commencement. Trustee proposes to pay remaining past-due amounts for utilities and real estate taxes promptly after the Court approves Trustee's request to assign the 99-Year Lease.

10.     Mechanics Cooperative Bank ("Mechanics") claims a first-priority security interest in the Assets as defined below. On information and belief, the balance due on Mechanics's claim as of March 2018 totaled $190,000.00.

11.     Commercial Credit Group Inc. ("CCGI") claims a second-priority security interest in Assets other than the 99-Year Lease including, without limitation, equipment, inventory, accounts, contract rights, and general intangibles. The balance due on CCGI's claim is unknown.

12.     Parties asserting security interests subordinate to Mechanics and CCGI's interests in the Assets include:

    (1) Peoples United Equipment Finance Corp. ("Peoples United") claims a security interest in the Assets based on a UCC-1 filed on March 17, 2016.

    (2) Forward Financing LLC claims a security interest in Debtor's accounts receivable based on a UCC-1 filed on May 17, 2016.

    (3) Lehigh Cement Company LLC ("Lehigh") claims a security interest in the Assets based, first, on a UCC-1 filed on September 28, 2016 and, second, on a pre-petition attachment recorded in the Registry; and

    (4) Libertas Funding LLC holds a security interest in Debtor's accounts receivable based on a UCC-1 filed on May 9, 2017.

13.     Trustee asserts that as against the bankruptcy estate, neither Mechanics, Lehigh, nor Peoples United, properly perfected a right to the 99-Year Lease.

14.     The Trustee elects to assume the unexpired 99-Year Lease pursuant to 11 U.S.C. § 365(a) and MLBR 6006-1(b), subject to the Court's Approval.

**REQUEST FOR RELIEF AND GROUNDS THEREFOR**

15.    Landers and Trustee have entered into an offer to purchase agreement whereby, subject to this Court's authorization, Landers offers to pay the bankruptcy estate One Hundred and Twenty Thousand Dollars ($120,000.00) in consideration for which Trustee shall assign the 99-Year Lease for value and also sell non-fixture equipment at the Premises excluding vehicles, customer lists, and Debtor's other intangible personal property (collectively, the "Assets") pursuant to 11 U.S.C. § 365(f) at private sale pursuant to 11 U.S.C. § 363(f), Fed. R. Bankr. P. 2002(a)(2) and 6004, and MLBR 2002-5 and 6004-1 (the "Offer").  Exhibit 2 contains a copy of the Offer.

16.    Trustee asks for authority to pay the past-due amounts arising from the 99-Year Lease in full promptly after the Court approves Trustee's request to assign.

16.    Trustee asks for authority to pay a break-up fee equal to five per cent (5%) of the proposed original purchase price for the Assets, that is, five per cent of $120,000.00, in case Landers is not the successful bidder.

17.    Rule 6004-1 disclosures:

(1) Trustee proposes to sell the Assets free and clear of valid liens, claims, and encumbrances, which will attach to the proceeds of sale in priority order.  In addition, Trustee proposes to sell each Asset as is, where is, without representations or warranties whatsoever.

(2) The Court authorized Trustee to retain a broker on April 16, 2018.  The broker's marketing plan called for telephone calls or e-mails to construction companies and construction materials manufacturers in southern New England.  Since March 2018 the broker has contacted at approximately 1035 potential bidders by e-mail and cell phone, fielded approximately 12 inquiries concerning the Assets, and has shown the Premises to

interested assignees and purchases on 5 occasions.  The broker received two written bids for the Assets; the Trustee selected Landers based on the consideration offered and Landers's size and corporate experience.

(3) The Assets proposed for sale, including a long-term lease on real property, the improvements on the Premises, and Debtor's customer list, comprise a unique set useful to a limited market.  The Assets are not suited for auction.

(4) Not applicable.

18.     Exhibit 3 contains Trustee's proposed Notice of Intended Private Sale of Property, Solicitation of Counteroffers, Deadline for Submitting Objections and Higher Offers and Hearing Date ("Notice").  The Notice includes a provision governing higher offers:

> Any higher offer must exceed the Offer by Six Thousand Dollars ($6,000.00) at least and be accompanied by a cash deposit of Twelve Thousand Dollars ($12,000.00) in the form of a certified or bank check made payable to Warren E. Agin, Trustee and delivered to the undersigned. Higher offers must be on the same terms and conditions provided in the Purchase and Sale Agreement, other than the purchase price.

19.     Trustee proposes to serve the instant motion ("Motion") and Notice on (1) Debtor and Debtor's counsel; (2) the United States Trustee: (3) any creditor known to claim a security interest in the Assets and any counsel to that creditor; (4) attorneys who have filed notices of appearance in the case; (5) the lessor on the 99-Year Lease and its counsel; (6) utilities and other parties affected by the Order governing cash collateral; and (7) parties who have expressed an interest in purchasing Assets or the 99-Year Lease.

20.     Trustee asks the Court for authority to take such further actions as he deems necessary and appropriate to consummate transactions contemplated in this Motion without further Court order, including, without limitation, authority to pay (i) the broker a five per cent (5%) commission on the cash consideration paid for the Assets at closing, (ii) the parties affected by the Order at or

prior to closing; and (iii) other reasonable and ordinary expenses arising from assuming, assigning or selling the Assets at closing.

21. Trustee asks the Court, pursuant to Fed.R.Bankr.P. 6004(h), to order the Motion effective upon entry.

**WHEREFORE**, Trustee respectfully requests that this Court enter an order

(1) Authorizing Trustee to (i) to assume and assign the 99-Year Lease; (ii) sell the Assets at private sale; (iii) cure past-due payments or defaults on the 99-Year Lease, and (iv) take further actions Trustee considers necessary and appropriate to consummate transactions contemplated in this Motion without further Court order, all as set forth in this Motion;

(2) Approving the Notice, the provision governing higher offers, and the provisions for service, all as described in this Motion;

(3) Granting relief that becomes effective upon entry of the order, pursuant to Fed.R.Bankr.P. 6004(h);

(4) Authorizing Trustee to pay a five per cent (5%) break-up fee to Landers if Trustee completes a sale of the Assets to another party; and

(5) Granting such other and further relief as the Court deems just.

Respectfully submitted,
Warren E. Agin, chapter 7 trustee,
By his attorney,

Dated: May 4, 2018

/s/ Anthony A. A. McGuinness
Jeffrey J. Cymrot (BBO# 555925)
Anthony A. A. McGuinness (BBO# 661478)
Sassoon & Cymrot LLP
84 State Street
Boston, MA 02109
Tel: (617) 720-0099
jcymrot@sassooncymrot.com

Motion to Assume and Assign (04-30-18)